# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-mj-00494 |
| Plaintiff, | Magistrate Judge Caroline H. Gentry |
| vs. | |
| VINCENT JERMAINE DEWBERRY, | |
| Defendant. | |

---

## DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR PRETRIAL DETENTION (DOC. 5)

---

This case came before the Court on the Government's Motion for Pretrial Detention (Doc. 5), which seeks to detain Defendant Vincent Dewberry ("Defendant") prior to trial. Through counsel, Defendant stated that he does not oppose the Motion and waives his right to a hearing. This opinion sets forth the Court's reasons for granting the Motion and orders certain conditions for Defendant's pretrial detention.

**I.      LEGAL STANDARD**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, the Court "***shall*** order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the

person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). In addition, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). The Federal Rules of Evidence do not apply at a pretrial detention hearing and the Court may consider both hearsay and evidence provided by proffer. *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010). The Government must prove the risk of flight by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and the risk of dangerousness by clear and convincing evidence. *Stone*, 608 F.3d at 945.

A rebuttable presumption of detention arises if the Court finds that there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims. 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption of detention also arises if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

If a rebuttable presumption arises, then the defendant "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community to rebut

2

the presumption of detention. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). The defendant's burden of production is not a heavy one. *Id*. At all times, the Government bears the burden of persuasion. *Id*. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone*, 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

In addition to considering any rebuttable presumption that applies, the Court must also consider: (1) the nature and circumstances of the offense charged, "including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," (2) the weight of the evidence of risk of flight or dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and characteristics;[1] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

## II. ANALYSIS

Based upon the nature of the charges, no rebuttable presumption of detention applies in this case. However, based upon this Court's review of the Affidavit attached to

---

[1] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

the Complaint and the Pretrial Services Report, the Court finds that Defendant is unemployed, does not have a stable residence, and will likely be homeless if he is released. The Government has therefore proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at required court appearances if he is released. In addition, the Government has proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if Defendant is released. Specifically, because Defendant's criminal history includes convictions for rape of a child under 13 (two counts) and molesting a child under 14, the Court finds that his release would pose a serious risk of danger to other persons and that no conditions, short of detention, would be sufficient to reasonably assure the safety of the community.

### III.   CONCLUSION

The Court finds that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure (1) Defendant's appearance as required by the Court and (2) the safety of other persons and the community. Therefore, the Government's Motion for Pretrial Detention (Doc. 5) is **GRANTED**.

Accordingly, it is hereby **ORDERED** that:

1)   Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2)   Defendant be afforded reasonable opportunity for private consultation with counsel; and

3)    On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which Defendant is confined deliver Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

/s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

Any party may file and serve on the opposing party a motion for revocation or amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(b). A defendant who files a motion for revocation or amendment must arrange for a transcript of the detention hearing. This Order is in full force and effect, notwithstanding the filing of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or District Judge.